**BLANK ROME LLP**
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRANS POWER CO. LTD.,

               Plaintiff,

    v.

FREMERY SHIPPING LIMITED BVI and FREMERY SHIPPING (HONG KONG) LIMITED,

               Defendants.

08 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff TRANS POWER CO. LTD. ("TPC"), as Owner of the M/V VANLEE, by its attorneys Blank Rome LLP, complaining of the above-named Defendants FREMERY SHIPPING LIMITED BVI ("FREMERY BVI") and FREMERY SHIPPING (HONG KONG) LIMITED ("FREMERY HONG KONG") (collectively "Fremery"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction. The action is also brought pursuant to 9 U.S.C. § 8.

2. At all material times, TPC was and now is a foreign company organized and existing under the laws of the Peoples Republic of China and the disponent owner of the Motor Vessel VANLEE (the "Vessel").

3. At all material times, defendants were and now is foreign corporations organized and existing under the laws of countries other than the United States.

## THE BASIC FACTS

4. TPC chartered the Vessel from Vanlee Ltd. under a charter dated June 27, 2007 (the "Head Charter"). Ex. 1 to the Rule B affidavit ("Aff.").

5. As recorded in a "fixture recap" dated on or about December 18, 2007, TPC sub-chartered the Vessel to FSL (BVI) (the "Charter"). Aff. Ex. 2.

6. On or about December 21, 2007 (FSL (BVI) repudiated the Charter.

7. TPC's Hong Kong counsel, by letters dated April 30 and May 14, 2008 accepted the repudiation, advised FEL (BVI) of damages arising therefrom as nearly as could be presently determined, of $358,600 and nominated an arbitrator and demand arbitration. Aff. Exs. 3 & 4.

8. Claims under the Charter are subject to English law and Hong Kong arbitration. This action is expressly filed without prejudice to that right of arbitration.

9. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, that no separation exists between them and the corporate form of Defendant FREMERY B.V.I. has been disregarded such that Defendant

FREMERY HONG KONG primarily transacted the business of Defendant FREMERY B.V.I.

10. Upon information and belief, at all material times, Defendant FREMERY HONG KONG, operated in the name of Defendant FREMERY B.V.I. such that Defendant FREMERY HONG KONG was the beneficial owner of FREMERY B.V.I.

11. Upon information and belief, FREMERY B.V.I. holds itself out as one of FREMERY HONG KONG'S subsidiaries within the FREMERY HONG KONG network.

12. Upon information and belief, FREMERY B.V.I. and FREMERY HONG KONG are each one of several entities which is operated, controlled and managed as a single economic enterprise known as FREMERY SHIPPING LIMITED.

13. Upon information and belief, among the entities which comprise the FREMERY SHIPPING LIMITED network, including FREMERY B.V.I. and FREMERY HONG KONG, there is a commonality of control and management centered with FREMERY HONG KONG and an overlap of officers, directors and employees.

14. Upon information and belief, at all material times, Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, have overlapping ownership, management, personnel and purposes such that Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG do not operate at arms length.

15. Upon information and belief, at all material times, Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, have had common addresses, common

contact information such that the Defendant FREMERY B.V.I. has no independent corporate identify from Defendant FREMERY HONG KONG.

16. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG.

17. Upon information and belief, at all material times, Defendant FREMERY HONG KONG has dominated, controlled and used Defendant FREMERY B.V.I. for its own purposes such that there is no meaningful difference between the entities.

18. Upon information and belief, at all material times, Defendant FREMERY HONG KONG has disregarded the corporate form of Defendant FREMERY B.V.I. to the extent that Defendant FREMERY HONG KONG, was actually carrying on FREMERY B.V.I.'s business and operations as if the same were its own, or vice versa.

19. Upon information and belief, Defendant FREMERY B.V.I. utilizes the Defendant FREMERY HONG KONG, to transfer funds through, to and from the Southern District of New York on its behalf.

20. Upon information and belief, there are reasonable grounds to conclude that the Defendant FREMERY HONG KONG is the alter-ego of Defendant FREMERY B.V.I. and, therefore, Plaintiff has a valid prima facie *in personam* claim against Defendant FREMERY HONG KONG based upon alter ego liability.

## COUNT I

## RULE B RELIEF

21. Plaintiff repeats paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its attorneys' fees and arbitrators' fees which are routinely awarded in Hong Kong arbitration and no security for Plaintiff's claim has been posted by defendants or anyone acting on their behalf to date.

23. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| 1. | Principal Claim | $358,600 |
| 2. | Estimated Recoverable Lawyers and Arbitrators' Fees & "Costs" | $250,000 |
| 3. | Interest over the course of 3 years at prime rate average of 8% per annum: | $ 86,064 |
| | **TOTAL:** | **$694,664** |

24. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but are believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Defendants cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendants' tangible or

intangible property or any other funds held by any garnishee, which are due and owing to Defendants, jointly or severally, up to the amount of $644,664 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 29, 2008

                                        Respectfully submitted,
                                        BLANK ROME LLP
                                        Attorneys for Plaintiff

                                        By _____
                                        Jeremy J.O. Harwood (JH 9012)
                                        405 Lexington Avenue
                                        New York, NY 10174
                                        Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

*[signature]*
Jeremy J.O. Harwood

Sworn to before me this
29th day of May, 2008

*[signature]*
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRANS POWER CO. LTD.,

           Plaintiff,

v.

FREMERY SHIPPING LIMITED BVI and FREMERY SHIPPING (HONG KONG) LIMITED,

           Defendants.

---

08 Civ.

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF NEW YORK  )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, FREMERY SHIPPING LIMITED BVI and FREMERY SHIPPING (HONG KONG) LIMITED, a company organized and existing under the laws of the British

Virgin Islands and Hong Kong, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendants are not incorporated or registered to do business in this State.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2008 edition), telephone assistance in New York City, and the internet Yellow Pages.

4. In our search, we did not find any listing or reference to defendant in this district or state.

5. In the circumstances, I believe the defendants cannot be "found" within this district.

6. I attach as Exhibit 1 hereto a copy of the fixture recap ("Charter").

_____
Jeremy J.O. Harwood

Sworn to before me this
29th day of May, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

900200.00001/6642102v.1

2

# EXHIBIT 1

**Main Identity**

From: &lt;chartering@optimashipbrokers.cn&gt;
To: "TRANS POWER CO., LTD" &lt;shipping@transpower.cn&gt;
Sent: Tuesday, December 18, 2007 3:47 PM
Subject: VANLEE/FREMERY-RECAP OF M/T

TO..: "TRANS POWER CO., LTD"
FROM: OPTIMA SHIPBROKERS (ASIA) LTD - TEL:+86 21 50472000
DATE: 18-DEC-2007 09:47
MSG.: 14220531

FENG,


REF MV VANLEE/ACC FREMERY SHIPPING --REVISED

PLS FIND RECAP OF MAIN TERMS
- - - - - - - - - - - - - - - -

- MV VANLEE EX ANODAD NAREE
- LOG/BULKER
- BUILT 30 SEPT 1980, HYUNDAI HEAVY INDUSTRIES CO LTD ULSAN., S KOREA
- FLAG: HONGKONG, POR: HONGKONG, IMO NO. 7917135
- CLASSED ABS / 8029616
- DWT/DRFT
SUMMER - 25,502.42 MT / 10.0155M
WINTER - 24,772.92 MT / 9.8075 M
TROPICAL - 26,234.92 MT/ 10.2235 M
LUMBER SUMMER - 26,418.42 MT / 10.2755 M
LUMBER WINTER - 25,414.37 MT / 9.9905 M
LUMBER TROPICAL - 27,177.82 MT / 10.4895 M

- VSLS LOADED TPC - 35.15 MT, F.W. ALL. - 219 mm
- LOA - 157.93 / LBP - 150.00, BEAM - 26.00 M, MOULDED DEPTH: 14.0 M, AIR DRAFT FM KEEL - 43.40 M
- GT/NT - 15099 / 8213
SUEZ GRT/NRT - 15470.04 / 11641.57 (AS PER CLASS)
( AS PER SCA FILE SCNT DURING ONE OF HER TRANSIT WAS 13021.87 SCID NO: 14403.
SINCE SUEZ CANAL
NT DEPENDS ON VARIBLE FACTORS CHARTS TO CONFIRM WITH THEIR AGENTS FOR THE
ACTUAL
SCNT FOR THE TRANSIT. )
- PANAMA GRT/NRT - 16026.00 / 11825.36
panama sin no: 740195
- 4/4 HO/HA , 4 X 25 MTS DERRICKS
- HATCH OPENINGS -
NO.1,2,3,4 - 19.2 X 12.00 M EACH
- TANK TOP DIMENS: L X B(F,A) IN METERS (ALL ABOUT)
NO.1 25.4 M X 5.3, 20.1 M
NO.2 28.0 M X 19.7, 20.2 M
NO.3 25.2 M X 20.2 M
NO.4 28.7 M X 20.2, 12.5 M

21/04/2008

- HEIGHT UPTO HATCH COAMING: ABT 12.4 M
HEIGHT OF HATCH COAMING: ABT 2.1 M
- HATCHCOVERS - PONTOONS
- GRAIN/BALE - 1,085,477 / 1,036,908 CBFT
CUBIC BREAKDOWN -
GRAIN - NO.1 - 230,141 / 2 - 297,189 / 3 - 272,970 / 4 - 285,177
BALE - NO.1 - 218,635 / 2 - 285,303 / 3 - 262,051 / 4 - 270,919
- HEIGHT OF STANCHIONS
FIXED AND COLLAPSABLE
NO.1 - ABT 4.5 M
NOS. 2,3 AND 4 ABT 6.4 M
GRAIN FITTED
- STRENGTHS - IN MT/M2
MAIN DECK - 3.2 , MAIN DECK HATCHES - 2.2, TANK TOP - 15.5

- all details about -

- DISP/OWNERS: TRANS POWER CO., LTD.
- CONTACT DETAILS:
  TEL: 86 592 2389525
  FAX: 86 592 2389539
  EMAIL: SHIPPING@TRANSPOWER.CN

- ACCOUNT : FREMERY SHIPPING LIMITED B.V.I.
  CHARTERERS CONTACT DETAILS
  FREMERY SHIPPING LIMITED B.V.I.
  C/O RM 809, NORTH TOWER, CONCORDIA PLAZA,
    1 SCIENCE MUSEUM ROAD, TST. KOWLOON
  HONG KONG
  TEL: 852-27361810
  FAX: 852-25460891
  EMAIL: shipping@fremery.com.hk

- LOADING PORT   : 1SB 1SP MISURATA, LYBIA

- DISCH PORT: 1SB 1SP PORT IN CHRRS OPTION NORTH CHINA INCL MAIN PORT IN YANGTZE RIVER UPTO ZHENJIANG.

- CARGO: 24,000MT 5PCT MOLOO IRON ORE (FINES/PELLETS/LUMPS) IN BULK.
  (IRON ORE CONENTRATES ARE NOT ALLOWED)

- OWNERS TO SATISFY THEMSELVES FOR LOADPORT AND DISPORT LOA , BEAM , DRAFT &
ALL RESTRICTIONS.

- LAYCAN : 30/DEC/2007 - 6/JAN/2008 NOON LOCAL TIME

- LOAD RATE: 5,000 MT PWWD FHEX UU 12 HRS TURN TIME USC

- DISCH RATE: CQD

- FREIGHT   : USD90.00  PMT FIOST BSS 1/1

- FRT PYMT : 95% FREIGHT LESS COMM PAYABLE WITHIN 3 BANKING DAYS ACOL/SAILING

21/04/2008

OF VSL FROM LOPORT AND S/R BS/L MARKED "FREIGHT PAYABLE AS PER CP"

- AGENT: OWS AGENTS BENDS
    OWS TO APPOINT FARWA SHIPPING AGENCY AT LOADPORT SUB COMPETITIVE RATE

- DEM/DES:USD 30,000 PDPR. DHD WTS AT LOAD PORT ONLY

- BALANCE FREIGHT WITH DEM/DES TO BE SETTLED WITHIN 15 DAYS AFTER VSL COMPLETE
DISCHARGE AND PRESENTATION OF S.O.F. AND N.O.R. TIME SHEETS.

-Owners/Master to give 7/5/3/2/1 days ETA notices to the charterers at load and discharge ports.

- AFTER COMPLETED LOADING / SAILING OF VSL FROM LOPORT, WHEN VSL AT SEA MASTER
ADV CHRRS EVERY 2(TWO) DAYS OF VSL NOON POSITION, ETA NEXT PORT, BEST ETA INTD
DISPORT.

- NO OAP FOR OWRS' ACCOUNT

-All dues/warfages,taxes on vsl and freight for owner,s account.
All dues/taxes on cargo to be for charts account.

-Vsl to have all necessary valid documents/certificates for ports of call

-Arbitration, if any, at Hong Kong and English law to apply

- in case charterers/receivers can not present the original B/L upon vessel arrival at discharging port, Owners/Master agree to discharge the entire cargo into port custody without production of original Bs/l but always against chrrs loi in owners pni club wording without bank guarantee or endorsement. However, Release of cargo alway against surrender of original B/L.

- subj review c/p dets per chrtrs pfma cp jag rahul dd 13/Feb/07

- 3.75PCT ADCOM + 1.25 OPTIMA

- SUBJECT CHRRS STEM/SHIPPERS/RCVRS APPROVAL LATEST BY 15:15HRS HK TIME TOM
19TH DEC

END

THANKS SO FAR //BILL

B.REGARDS//BILL

21/04/2008